UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

SCOTT LAWRENCE SWANSON and
MICHELLE ANN KLEIN-SWANSON,

                                               BKY 09-40290

        Debtors.

-------------------------

RANDALL . SEAVER - TRUSTEE,

        Plaintiff,                             ADV 11-4040

    -v.-

MICHELLE ANN KLEIN-SWANSON,          **SCHEDULING ORDER
AND ORDER FOR TRIAL**

        Defendant.

_____

IT IS ORDERED:

l.      All discovery in this matter shall be concluded no later than June 3, 2011.

2.      All dispositive or nondispositive motions, including those relating to discovery, shall be filed on or before July 5, 2011.

3.      This proceeding is set for trial in Courtroom No. 7 West, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, on **August 25, 2011, at 2:00 p.m.**

4.      No later than <u>14 days</u> prior to trial, all parties are expected to confer and enter into a stipulation as to the following:

      a.      Waiver of objections to the admissibility of exhibits on the grounds of lack of identification or foundation where the identification or foundation is not to be contested;

      b.      Waiver of objections to the admissibility of depositions proposed to be offered in evidence, if any;

      c.      Facts which are not disputed.  This stipulation shall be reduced to writing in a form which can be adopted by the Court as Findings of Fact.

At this conference, counsel shall provide copies of each exhibit for inspection by opposing counsel and for waiver or noting of objection.

5.        No later than <u>7 days</u> prior to trial, counsel, or if unrepresented, any party representing him or herself without counsel, shall prepare, serve and file the following:

    a.        A trial brief containing a complete statement of points and authority for issues of law;

    b.        A final exhibit list containing a description of all exhibits to be offered at trial.  Exhibits not listed on this list may not be offered during the party's case-in-chief.  Each exhibit shall be marked and the list shall identify the exhibits by their letters or numbers.

The plaintiff shall identify the plaintiff's exhibits with numbers as follows:

> Plaintiff's Exhibit 1
> Plaintiff's Exhibit 2
> etc.

The defendant shall identify the defendant's exhibits with letters as follows:

> Defendant's Exhibit A
> Defendant's Exhibit B
> etc.

If there is more than one plaintiff or defendant, then the parties shall confer so as to avoid duplication of exhibit identification;

    c.        A final witness list containing the names, addresses and brief summary of the testimony of each witness the party will call.  A person not listed on this list may not testify during the party's case-in-chief.

    d.        A list of depositions proposed to be offered in evidence, if any, and a statement of any objections to the receipt and evidence of portions of any such depositions, identifying the objecting party and the grounds (three copies).  Only depositions so listed shall be offered in evidence at trial except for good cause shown.

    e.        Proposed findings of fact, conclusions of law, and order for judgment.

6.   Unless the parties agree otherwise by written stipulation, Fed. R. Civ. P. 26(a)(1), (a)(2), (a)(3) and (f), do not apply in this adversary proceeding.

7.        No scheduling or pretrial conference shall be held in this matter unless requested in writing by counsel for any party.  Any request for such conference shall state the reasons therefore, and a copy must be provided to counsel for all other parties to this proceeding.

8.     This order is issued without prior consultation with counsel for any party. Accordingly, if the dates fixed herein present an undue burden on counsel or any party to this proceeding, counsel shall so inform the Court by way of a written request to alter such dates. Such written request shall state:

    a.    The reasons for any extension of time;

    b.    That counsel has conferred with counsel to all other parties to this proceeding regarding any proposed extension; and

    c.    The outcome of such conference.

A copy of any such request must be provided to counsel for all other parties to this proceeding.

9.     Counsel should understand that, except as altered by this court after proper request, <u>dates fixed hereby are mandatory</u>.  Deadlines shall not be extended except for good cause.  No motion shall be heard unless filed prior to the expiration of the deadline set.  The Court reserves the right to act upon such motions without a hearing, if circumstances so mandate.

**10.     Failure to comply with this order may result in the imposition of sanctions under Bankruptcy Rule 7016, applying Fed. R. Civ. P. 16(f), including, but not limited to, prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey this order, and the imposition of costs and reasonable attorney fees.**

11.     Private Information.  To avoid the inadvertent disclosure of private data and other sensitive information, counsel and parties unrepresented by counsel shall refrain from eliciting or mentioning during trial or including in motions, exhibits or any other submissions required by this order any of the following restricted information, except in the manner noted:

    a.    Social Security numbers: use only the last four digits;

    b.    Financial account numbers: use only the last four digits;

    c.    Names of minor children: use only initials;

    d.    Dates of birth: use only year of birth; and

    e.    Home addresses of witnesses; use only city and state of residence.

If restricted information is mentioned in court, counsel or parties may ask to have it stricken from the record or partially redacted to conform to the judiciary's privacy policy.

Dated: March 18, 2011.       /e/ Nancy C. Dreher

                       Nancy C. Dreher

                       UNITED STATES BANKRUPTCY JUDGE

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/18/2011*
Lori Vosejpka, Clerk, by KK